**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **FELLOWSHIP OF CHRISTIAN ATHLETES** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **AXIS INSURANCE COMPANY,** ) | **JURY TRIAL DEMANDED** |
| **IRONSHORE SPECIALITY INSURANCE** ) | |
| **COMPANY, AND RSUI INDEMNITY** ) | |
| **COMPANY** ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Fellowship of Christian Athletes ("FCA"), by and through its undersigned counsel, for its Complaint against Defendants AXIS Insurance Company ("AXIS"), Ironshore Specialty Insurance Company ("Ironshore") and RSUI Indemnity Company ("RSUI") (collectively, "Defendants"), alleges and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. FCA is a not-for-profit corporation organized under the laws of Oklahoma, with its principal place of business located at 8701 Leeds Road, Kansas City, Missouri 64129.

2. On information and belief, AXIS is a corporation organized under the laws of Illinois with its principal place of business in the state of Georgia.

3. On information and belief, Ironshore is a corporation organized under the laws of Arizona with its principal place of business in the state of Arizona or New York.

4. On information and belief, RSUI is a corporation organized under the laws of New Hampshire with its principal place of business in the state of New Hampshire or Georgia.

5. Jurisdiction exists over this matter pursuant to 28 U.S.C. §1332, as Plaintiff and Defendants are citizens of different states and the amount in controversy under the insurance policies is at least $1 million.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b). FCA is located in Jackson County, Missouri, the insurance policies were entered into in Jackson County, Missouri, and each Defendant does business in Missouri.

## GENERAL ALLEGATIONS

7. During all relevant times, FCA was a named insured under Policy No. AXGL02101017-10 issued by Defendant AXIS ("AXIS Underlying Policy"). See Exhibit 1.

8. During all relevant times, FCA was a named insured under Policy No. 000282401 issued by Defendant Ironshore ("Ironshore Umbrella Policy"). See Exhibit 2.

9. During all relevant times, FCA was a named insured under Policy No. NHA052806 issued by Defendant RSUI ("RSUI Excess Policy"). See Exhibit 3.

10. FCA has been named as a Defendant in a civil complaint filed in the District Court for Polk County, Iowa ("Iowa Complaint"). See Exhibit 4.

11. The plaintiffs in the Iowa Complaint are Roselene Sanon and Nemi Sanon, individually and as administrator of the Estate of Nehmson D. Sanon; and Paulette Cezil Pogue, individually and as administrator of the Estate of Gael Cezil Chrispin ("Iowa Plaintiffs").

12. The Iowa Plaintiffs allege in the Iowa Complaint that decedents Nehmson Sanon and Gael Cezil Chrispin drowned on July 14, 2010 at a swimming pool party related to an FCA Youth Sports Camp, and also allege FCA acted negligently and should bear liability relating to the drowning deaths ("the Iowa Claims").

13. FCA has provided timely notice of the Iowa Claims to Defendants under the Policies.

14. Defendants have confirmed coverage of the Iowa Claims under the Policies.

15. While acknowledging coverage of the Iowa Claims under the Policies, Defendants have disagreed, and continue to disagree, as to whether the Iowa Claims constitute one or two "occurrences" under the AXIS Underlying Policy.

16. Specifically, Defendant AXIS contends the Iowa Claims constitute a single occurrence under the AXIS Underlying Policy, and therefore the limit of insurance for the Iowa Claims is $1 million (rather than $2 million if the Iowa Claims constitute two occurrences). See Exhibit 5.

17. Defendant Ironshore disagrees with Defendant AXIS, and asserts that the Iowa Claims constitute two occurrences under the AXIS Underlying Policy. As a result, Defendant Ironshore contends the Ironshore Umbrella Policy is not triggered until the AXIS Underlying Policy is exhausted in the amount of $2 million (as opposed to $1 million if the Iowa Claims constitute a single occurrence). See Exhibit 6.

18. Upon information and belief, Defendant RSUI also disagrees with AXIS, and contends the Iowa Claims constitute two occurrences under the AXIS Underlying Policy.

19. FCA has complied with all applicable conditions precedent under the Policies.

20. An actual and justiciable controversy exists between FCA and Defendants with respect to Defendants' duties and obligations under the Policies. The disagreement among Defendants, as described above, has interfered, and continues to interfere with settlement negotiations with the Iowa Plaintiffs. Furthermore, if a judgment were entered against FCA in

3
KC01DOCS\1075253.1
Case 4:12-cv-00445-DW    Document 1    Filed 04/17/12    Page 3 of 6

connection with the Iowa Claims, FCA could face the possibility of being forced to respond to a judgment with its own resources even though the Iowa Claims are clearly covered by the Policies.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

21. The allegations of paragraphs 1 through 20 of this Complaint are incorporated herein by reference.

22. As a result of their disagreement as to whether the Iowa Claims constitute one or two occurrences under the AXIS Underlying Policy, Defendants have deprived, and are continuing to deprive, FCA of the full benefits of coverage under the Policies.

23. Pursuant to F.R.C.P. Rule 57 and 28 U.S.C. §2201, FCA seeks a judicial determination of Defendants' obligations under the Policies, including a judicial determination as to whether the Iowa Claims constitute one or two occurrences under the AXIS Underlying Policy.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

24. The allegations of paragraphs 1 through 23 of this Complaint are incorporated herein by reference.

25. As a result of their disagreement as to whether the Iowa Claims constitute one or two occurrences under the AXIS Underlying Policy, Defendants have deprived, and are continuing to deprive, FCA of the full benefits of coverage under the Policies.

26. As a direct and proximate results of the breach of contract by Defendants, which is continuing to at least the date of this Complaint, Defendants have deprived, and are depriving, FCA of the full benefits of insurance coverage under the Policies.

WHEREFORE, FCA respectfully requests that this Court enter an order in FCA's favor and against Defendants as follows:

i. Declaring and determining Defendants' obligations under the Policies, including a determination as to whether the Iowa Claims constitute one or two occurrences under the AXIS Underlying Policy;

ii. Granting judgment in favor of FCA and against Defendants for an award of compensatory damages on FCA's Claim for Breach of Contract, in an amount to be determined at trial;

iii. Granting judgment in favor of FCA and against Defendants for pre-judgment and post-judgment interest in the amount provided by law;

iv. Granting judgment in favor of FCA and against Defendants for all attorney's fees and costs to the extent allowed by law; and

v. Granting to FCA such other relief as the Court may deem just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

By: /s/ Christopher C. Javillonar
    Christopher C. Javillonar    #55197
    John T. Polhemus         #59583
    3500 One Kansas City Place
    1200 Main Street
    Kansas City, Missouri 64105
    Telephone: (816)374-3200
    FAX: (816) 374-3300
    christopher.javillonar@bryancave.com
    john.polhemus@bryancave.com

ATTORNEYS FOR PLAINTIFF FELLOWSHIP OF CHRISTIAN ATHLETES